# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS GARCIA-TORO, | ) | CASE NO. 1:20-cv-02645 |
| | ) | |
| Petitioner, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| TIM McCONAHAY, Warden, | ) | |
| | ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Jennifer Dowdell Armstrong. R. 18.[1] Petitioner Carlos Garcia-Toro filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising seven grounds for relief. R. 1. Respondent Warden Tim McConahay filed the Return of Writ. R. 6. Petitioner filed the Traverse to the Return (R. 10), and Respondent filed a Reply (R. 13). The Magistrate Judge issued an extensive 45-page Report and Recommendation (R&R) on September 25, 2023, recommending that the Court initially reject Petitioner's challenge to the constitutionality of the AEDPA and then dismiss the petition in part as procedurally defaulted and deny the petition in part on the merits. R. 18. After receiving an enlargement of time, Petitioner filed his Objections to the R&R on October 23, 2023. R. 20. Respondent has not responded to those Objections. The matter is ripe for review.

---

[1] This case was initially referred to United States Magistrate Judge William H. Baughman, Jr. on November 25, 2020 pursuant to Local Rule 72.2. Pursuant to General Order 2022-14, the matter was referred to United States Magistrate Judge Jennifer Dowdell Armstrong on September 2, 2022.

### I. Standard of Review

When a magistrate judge submits a Report and Recommendation, the Court is required to conduct a *de novo* review of those portions of the Report to which proper objection has been made. Fed. R. Civ. P. 72(b)(3); Local Rule 72.3(b). However, "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *accord Austin v. Comm'r of Soc. Sec.*, 2021 WL 1540389, at *4 (N.D. Ohio Apr. 19, 2021) (finding that a general objection that merely restates an argument previously presented or simply voices a disagreement with a magistrate judge's suggested resolution "has the same effects as would a failure to object" (citation omitted)). The text of Federal Rule of Civil Procedure 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879).

### II. Facts and Procedural History

The Court adopts the R&R's statement of the facts and procedural background of this case, to which no objection was made. R. 18, PageID#: 2424–2433. The following brief summary is not intended to duplicate the presentation in the R&R, but to provide context to this review of the R&R.

A. Background

At a jury trial in 2018, Petitioner was convicted on multiple counts arising from the 2017 murder of Jose Reyes, who was shot while sitting in his car as he was about to leave work at an auto shop on the west side of Cleveland. *Id.*, PageID#:2425. Also in the car and wounded in the shooting was the victim's 15-year-old nephew, Efrain Garcia, Jr. *Id.*

Shortly after the murder, Petitioner's sister contacted the sister of the murder victim via Facebook Messenger, claiming to know the name of the killer. *Id.*, PageID#: 2426. The two women then met in a parking lot, where the victim's sister recorded the conversation, subsequently sending it to the police. *Id.* Petitioner also contacted the victim's sister via Facebook Messenger, using the alias, Gabriel Ruiz. *Id.*

When police then arrested Petitioner's brother for the murder, Petitioner told the victim's sister that they "had the wrong guy." *Id.* After then obtaining a warrant for Petitioner's arrest, he was arrested in Columbus, Ohio where he was using the alias, Edwin Sayan. *Id.*

At the subsequent trial, Petitioner asserted an alibi, claiming that he was living in Connecticut at the time of the crime, and also sought to exclude the Facebook records linked to the account of "Gabriel Ruiz," asserting that the account was not authenticated, could not be linked to him and was, in any event, inadmissible hearsay. *Id.*, PageID#: 2427–28. After excluding testimony from a purported expert witness, who would have testified that the Facebook account could not be authenticated or shown to belong to the Petitioner, the trial court dismissed without prejudice the count of the indictment concerning possession of a firearm while under disability and the case proceeded to trial. *Id.*, PageID#: 2428.

In October 2018, Petitioner was found guilty on all remaining seven counts of the indictment and sentenced in total to 47 years to life in prison. *Id.*, PageID#: 2429.

3

Petitioner, through counsel, timely filed a notice of direct appeal, raising 10 assignments of error. *Id.*, PageID#: 2429–30. After the Ohio appeals court overruled all assignments of error, *id.*, PageID#: 2430, Petitioner, again through counsel, timely filed an appeal with the Supreme Court of Ohio, asserting 7 propositions of law. *Id.*, PageID#: 2430–31. The Ohio Supreme Court declined to accept jurisdiction. *Id.*, PageID#: 2431. Petitioner, once more through counsel, thereupon sought a writ of certiorari from the United States Supreme Court on the single issue of whether the Sixth and Fourteenth Amendments of the United States Constitution guarantee the right to conflict-free defense counsel if defense counsel represents multiple suspects in the same homicide case. *Id.* The United States Supreme Court declined the petition for a writ of certiorari. *Id.*

B. Federal habeas petition

Petitioner then timely filed, through counsel, a petition for federal habeas relief. *Id.*, PageID#: 2431–32. The petition raised seven grounds for relief. *Id.*, PageID#: 2432. After the State filed a return of the writ, Petitioner filed a traverse, to which the State filed a reply. *Id.*, PageID#: 2432. After that, Petitioner moved to expand or supplement the record, which motion was denied by the Magistrate Judge. *Id.* Petitioner objected, which objection remains pending. *Id.*, PageID#: 2432–33.[2]

C. Report and Recommendation.

As noted above, the R&R initially rejected Petitioner's challenge to the constitutionality

---

[2] The Court has reviewed the Magistrate Judge's Order (R. 14) denying Petitioner's motion (R. 9) to expand or supplement the record as well as that motion and Petitioner's Objection to that Order (R. 15). The Court, having carefully reviewed the aforementioned filings, finds no error in the Magistrate Judge's Order denying the motion to expand or supplement the record and agrees with the findings set forth therein. The Objection is overruled.

of the AEDPA. R. 18, PageID#: 2438–39. As summarized, it then found:

Ground One—claiming that Petitioner was denied the right to counsel because one of the public defenders representing him at trial also represented other suspects in this case at an earlier stage—should be denied on the merits because the Ohio appellate court's decision on this claim was not an unreasonable application of the clearly established federal law of *Strickland v. Washington*, 466 U.S. 668 (1984) and *Wood v. Georgia*, 450 U.S. 261 (1981). *Id.*, PageID#: 2439–44;

Ground Two—claiming that the prosecution improperly elicited testimony about the timing of Petitioner's notice of alibi—should be dismissed as procedurally defaulted because trial counsel made no contemporaneous objection at trial, or alternatively denied on the merits. *Id.*, PageID#: 2444–48;

Ground Three—claiming that the prosecution failed to authenticate whether Facebook account belonged to Petitioner and that Facebook posts were improperly admitted "other acts" evidence—should be dismissed in part as procedurally defaulted for failure to make contemporaneous objection and entirely denied on the merits because the alleged errors of state law on admissibility of evidence do not infringe on a federal constitutional right. *Id.*, PageID#: 2449–54;

Ground Four—claiming that admission of hearsay evidence violated the confrontation clause—should be dismissed as procedurally defaulted because of the lack of contemporaneous objection and/or denied after *de novo* review. *Id.*, PageID#: 2454–58;

Ground Five—claiming that due process rights were violated by the admission of "gruesome photographs" of victim—should be dismissed as procedurally defaulted for lack of contemporaneous objection and/or denied on the merits because even if improperly admitted any

error was not so significant as to undermine the fundamental fairness of the trial. *Id.*, PageID#: 2458–59;

Ground Six—claiming ineffective assistance of trial counsel—should be denied on the merits because the Ohio appellate court decision on this issue was not an unreasonable application of the clearly established federal law of *Strickland v. Washington,* 466 U.S. 668 (1984). *Id.*, PageID#: 2459–62;

Ground Seven—challenging sufficiency of the evidence—should be denied on the merits because the state court's decision on this matter was not an unreasonable application of the clearly established federal law of *Jackson v. Virginia*, 443 U.S. 307 (1979). *Id.*, PageID#: 2462–65.

The R&R concluded that Petitioner should not receive a certificate of appealability. *Id.*, PageID#: 2465–66.

### III. Discussion

Initially, as noted above, a district court's review of an R&R need only address those portions of the R&R to which objection was made. Here, Petitioner objects to: (1) the R&R's treatment of his constitutional challenge to the AEDPA; (2) the R&R's recommendation to deny a certificate of appealability; and (3) the R&R's conclusions on Grounds One, Six and Seven. Those specific objections are considered below. The R&R's conclusions as to those claims to which no objection was made – Grounds Two, Three, Four and Five – are adopted, as no clear error is apparent on the face of the record as to these grounds.

Petitioner's first objection is to the Magistrate Judge's purported "cursory, insufficient and flawed examination of the challenge to the AEDPA's constitutionality." R. 20, PageID#: 2475–80. Petitioner asserts that "not much effort was made [by the R&R] to address … the

Thirteenth and Fourteenth Amendment arguments presented by Petitioner." *Id.*, PageID#: 2475.

In fact, the R&R acknowledged that while the Sixth Circuit has not itself addressed the specific question of the AEDPA's constitutionality, courts within the Sixth Circuit have rejected challenges to its constitutionality and there is agreement among each circuit that AEDPA deference is constitutional. *Id.*, PageID#: 2438–39 (citing cases). Further, the R&R noted that the Sixth Circuit has stated that the United States Supreme Court has repeatedly upheld application of the AEDPA, "tacitly assuming its constitutionality." *Id.* (internal citation and quotation omitted).

Given the R&R's reliance on case authority that supports a finding that the AEDPA is constitutional, Petitioner has cited no contrary authority holding that the AEDPA is unconstitutional. Further, Petitioner has citied no authority for the novel proposition that an R&R based on clear case authority must nevertheless be overruled because it did not undertake a meticulous *de novo* review of an already decided legal issue. Accordingly, finding no error in the R&R's analysis of the constitutionality of the AEDPA, Petitioner's objection on this issue is overruled.

Petitioner next objects to the R&R's conclusion as to Ground One, which, as noted, deals with the claim that defense counsel was improperly conflicted because the public defender previously represented two other defendants at an earlier stage of the case while also representing Petitioner at trial. R. 20, PageID#: 2481–87. The R&R, as noted above, recommends denying this claim on the merits because it found that the state appeals court's consideration of this issue was not an unreasonable application of clearly established federal law.

In that regard, it is initially important to note, as the R&R points out and the Ohio appeals court determined, that the public defenders in question were not simultaneously representing

7

Petitioner and the other two suspects. Rather, one public defender had represented two suspects during the document discovery phase of the case and later represented Petitioner at trial. R. 18, PageID#: 2441. This factual finding by the state court was not rebutted by Petitioner. *Id.* Because this situation involves successive, not simultaneous representation, there is no presumption of a conflict of interest. *Id.* Moreover, even if a presumption of a conflict was not present, the Ohio appeals court recognized and the R&R set forth that Petitioner could still establish ineffective assistance of counsel by meeting the two-prong test of *Strickland* – (1) that counsel made errors so serious as to not function at the minimal level required by the Sixth Amendment and (2) that but for such errors, the result of the proceeding would have been different. *Id.*

The Ohio appeals court found that Petitioner had not established that any action taken by the attorneys involved showed the existence of any actual conflict of interest. *Id.*, PageID#: 2441–42. Just as important, the Ohio appeals court found that Petitioner expressly waived any conflict and that his waiver—done in a lengthy on the record colloquy with the trial judge— was knowing, voluntary and intelligent. *Id.*, PageID#: 2442–43.

Essentially, Petitioner here claims that the trial judge's waiver colloquy should now be deemed insufficient because its timing prior to commencement of *voir dire* "suggests the court was more concerned about commencing trial rather than providing new and conflict-free counsel." R. 20, PageID#: 2486. As with Petitioner's prior argument attempting to create an issue over the R&R's treatment of AEDPA constitutionality, Petitioner here seems to suggest without support that one necessary element of a valid waiver is its timing during the proceeding. In fact, as both the Ohio appellate court and the R&R clearly reflect, the elements of a valid waiver were referenced by the appeals court and observed on the record by the trial court. R. 18, PageID#: 2442–43. Therefore, Petitioner's objections as to Ground One are overruled.

As to Ground Six, which alleges ineffective assistance of counsel, Petitioner contends that the conclusion here should be rejected first because the AEDPA is unconstitutional and because, for several specific reasons, defense counsel was constitutionally defective in their performance. R. 20, PageID#: 2488–89.

The constitutionality argument having been previously addressed, it must be noted first that the argument about multiple examples of allegedly defective performance is virtually identical to the argument made to the Ohio appeals court and again to the Magistrate Judge. As stated above, the mere restatement of a prior argument as an objection to the R&R has the effect of no objection at all. A review of the R&R's analysis of the state court's adjudication of this claim shows no plain error, particularly when it is remembered that federal habeas review on this issue requires deference both to counsel's trial conduct, which is presumed to be within the range of reasonable professional assistance, and to the conclusion of the state appeals court, whose analysis must only be a reasonable application of clearly established federal law. Therefore, Petitioner's objection as to Ground Six is overruled.

Next, Petitioner objects to the R&R's treatment of Ground Seven, which alleged insufficient evidence. Here, the stated objection is that the Magistrate Judge "simply 'defers' to the state court and completely fails to discuss the facts and circumstances as argued by the Petitioner." R. 20, PageID#: 2490.

In essence, this objection is just another way of raising the argument—previously noted and resolved—that the AEDPA should not apply here because it is unconstitutional. Further on, Petitioner contends that it was "objectively unreasonable" for the Ohio appeals court to find sufficient evidence to support conviction. *Id.*, PageID#: 2493. To that point, Petitioner argues, as he had to the Ohio appeals court and in his original federal habeas petition, that no witness

identified Petitioner in any video of the crime scene, that the testimony of the victim's brother was through an improperly authenticated Facebook account and no evidence was produced against Petitioner "by any reliable and unbiased source." *Id.*

The R&R, however, cited and quoted the Ohio appeals court which, after correctly identifying the clearly established federal law in this matter, stated:

> Here, multiple witnesses testified that Garcia-Toro had admitted to killing Jose, and that these statements included details about what Jose was doing when he was killed and how exactly he was killed. These statements correspond with Efrain's account of the events. Additionally, the suspect appearing in video footage of the area near the murder immediately following matched the description given by Efrain and was identified at trial by other witnesses as Garcia-Toro. Viewing this evidence in the light most favorable to the state, sufficient evidence was presented to support Garcia-Toro's convictions.

*Id.* PageID#: 2464.

Petitioner's objection overlooks the deference owed first to the trier-of-fact under the rubric that views evidence in the light most favorable to the prosecution and then the deference owed by the federal habeas court to the decision of the state appeals court, so long as its decision is not unreasonable. Here, the R&R properly applied the controlling law in concluding that Ground Seven should be denied on the merits. Finding no error in that conclusion, Petitioner's objection is overruled.

Finally, Petitioner objects to the R&R's recommendation regarding a certificate of appealability. R. 20, PageID#: 2480–81. The R&R, in recommending against issuing a certificate of appealability in this case, notes that if a court does issue a certificate of appealability, the court must state the specific issue or issues on which the applicant has made a substantial showing of the denial of a constitutional right. R. 18, PageID#: 2465–66.

Here, as is detailed above, none of the individual objections to the R&R's treatment of any specific ground for relief make a substantial showing that Petitioner was denied a

10

constitutional right. Further, as to Petitioner's objection to the constitutionality of the AEDPA, to which he devotes more than twenty percent of his brief (five out of 24 pages), it must again be noted that Petitioner offered no case authority to support his position. As such, it is difficult to see how Petitioner has made a substantial showing that he is entitled to a certificate of appealability on any issue.

### IV. Conclusion

The Petitioner's objections (R. 20) are hereby OVERRULED for the reasons stated and the Report and Recommendation (R. 18) is hereby ADOPTED. The Petition (R. 1) is hereby DISMISSED in part and DENIED in part, as is more fully set forth in the R&R which is incorporated by reference. In addition, Petitioner's Objection (R. 15) is also OVERRULED as set forth in footnote 2 *supra*.

Pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b), as well as the reasoning in the R&R, the Court finds that there is not a sufficient basis to issue a certificate of appealability and so declines to issue such a certificate.

IT IS SO ORDERED.

Date: March 29, 2024            s/ *David A. Ruiz*
                                David A. Ruiz
                                United States District Judge

11